# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 17 CV 630

Kyle Fenner

    Plaintiff/Movant,

Board of County Commissioners, Elbert County
Colorado

    Defendants.

## COMPLAINT

For this Complaint, the Plaintiff, Kyle Fenner, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises under the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C.A. 2511, et seq. and 18 U.S.C. 2701 et seq. together with various ancillary state law claims. The court has jurisdiction of this matter under 28 U.S.C. 1331 and 28 U.S.C.1332, as well as pendent jurisdiction over the state law claims.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

1.     Plaintiff, Kyle Fenner ("Plaintiff"), is an adult individual residing in Elizabeth,

Colorado, and is a person who has made wire, oral or electronic communications pursuant to 18 U.S.C.A. 121§2511 et.seq.

2. Defendant Board of County Commissioners of Elbert County is an elected body organized to execute the powers of a Colorado county, pursuant to C.R.S. 30-11-101 et.seq.

3. Defendant at all times acted by and through one or more of its employees, agents and commissioners.

**FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS**

4. Plaintiff is employed by Defendant as Director of Community Development and Planning Department.

5. On December 9, 2015, in a public meeting, by majority vote of the Board of County Commissioners, (BOCC), Plaintiff was moved away from supervision by the County Manager of Defendant to report directly to and be under the sole authority of the BOCC.

6. In the course of her employment with Defendant, Plaintiff is required to use a computer heavily, transmitting emails and performing internet searches.

7. On January 26, 2016, Plaintiff made inquiry with the Information Technology Department (IT) of Defendant, regarding a complaint of "an infuriatingly slow computer", and a service ticket with Phoenix Technology Group Service was opened on January 28, 2016.

8. On February 1, 2016, Phoenix Technology Group Service declared the service ticket resolved, citing "failure to log out properly" as the cause of the slow computer.

9. Unknown to Plaintiff, Defendant had been monitoring Plaintiff's county issued computer since September 24, 2015, collecting over 50,000 screen shots from Plaintiff's open desktop.

10. On February 16, 2016, Phoenix Technology Group Service states its service ticket

is "closed".

11. On April 11, 2016, the County Attorney for Defendant engaged Mountain States Employers Council, Inc. (MSEC) to perform a "workplace investigation" concerning Plaintiff's use of the internet during her work hours, on Defendant's computers. The investigation centered on alleged use by Plaintiff of county-issued computers for personal or commercial ventures or gain, and whether Plaintiff used her county-issued computer to send emails in which she made "demeaning", "defaming" and "disparaging" comments about County employees or elected officials from February 1, through April 11, 2016.

12. This investigation was discussed at a public work session meeting on April 11, 2016.  County Attorney for Defendant stated to the public at this meeting that Plaintiff was "under investigation" for "possible criminal activity" and he recommended the investigation be turned over to the sheriff.  The County Attorney stated Plaintiff had been under an investigation conducted by the staff of Defendant without prior knowledge or authorization of the BOCC.

13. The MSEC investigation was completed on May 12, 2016, with finding of facts that were referred to a Special Counsel retained by Defendant for review and to make recommendations regarding the MSEC's findings.

14. In the interim between the fact findings on the part of MSEC and the recommendations by the Special Counsel, agendas are posted regularly to inform the public of county business.

15. On April 18, 2016 Plaintiff was named in a county agenda posting referencing an investigation, and public discussion regarding the MSEC investigation takes place specifically identifying Plaintiff as the subject of "criminal investigation".

16. On May 10, 2016, County Commissioner Robert Rowland sent a mass email to his supporters and email distribution list naming Plaintiff as the subject of an investigation, and requests the recipients attend a public meeting where the matter will be discussed.

17. On July 20, 2016, at the public meeting convened by the Defendant BOCC, Commissioner Rowland stated the state district attorney was now involved in the investigation of Plaintiff, and encouraged members of the public to request the "DA report" though an open records request.

18. In his appeal to the state district attorney for opinions regarding the personnel matter with Plaintiff, Commissioner Rowland provided a collection of internet activity from Plaintiff's county issued computer, including over 50,000 screen shots that had been taken from Plaintiff's computer.

19. The Special Counsel retained to review the evidence gathered by MSEC concluded the allegations made by Defendant's IT department of purported policy violations for misuse of county issued computers were not credible. Special Counsel made recommendations that Plaintiff be reminded that county issued computers are not for personal use, and reprimanded for having made a "demeaning, disparaging, or insulting" comment via email.

20. The Special Counsel stated the "demeaning, disparaging, or insulting" comments made by Plaintiff "were not made pursuant to Plaintiff's official duties; did not affect in a substantial way the Plaintiff's ability to efficiently provide services as an employee; and could arguably address a matter of public concern".

21. Plaintiff's comments referenced in paragraphs 19 and 20 above were made on the Plaintiff's private email server, not intended for public view.

22. Plaintiff was exonerated of all other alleged violations of county policy. Further, the Special Counsel recommended Defendant "unequivocally correct the record and state in a public meeting that nothing close to criminal activity was found by way of the three independent parties reviewing this matter (MSEC, the District Attorney and Special Counsel), and that any suggestions to the contrary would be completely without merit."

23. No correction of the record or of the public postings has been made by Defendant as of the date of this pleading.

## FIRST COUNT

24. Plaintiff repeats and re-alleges all of the allegations contained in the Factual Allegations Applicable to All Counts as if the same were set forth at length herein.

25. As a result of Defendant's conduct described above, Defendant has violated the provisions of U.S.C. 2511 et. seq. by intercepting and improperly monitoring the electronic communications being transmitted by Plaintiff on her private email.

26. Plaintiff has been damaged and injured by the unlawful intrusion.

27. Wherefore, Plaintiff demands judgment against Defendant for the following:

    a. Compensatory damages,

    b. Statutory damages, pursuant to 18 USC 2520

    c. Punitive damages

    d. Reasonable attorney fees

    e. Such other and further relief as the court may deem just and equitable.

## SECOND COUNT

### (Violation of U.S.C.2701, et.seq.)

28. Plaintiff repeats and alleges all of the allegations in the Factual Allegations Applicable to All Counts and the First Count as if the same were set forth at length herein.

29. As a result of Defendant's conduct described above, Defendant has violated the provisions of 18 U.S.C 2701 et. seq. by accessing without permission and improperly monitoring the electronic communications being stored on the Plaintiff's private email server.

30. Defendant used the improperly accessed and monitored electronic communications to invade Plaintiff's privacy, and create a hostile work environment.

31. As a result, Plaintiff has been damaged.

32. Wherefore, Plaintiff demands judgment against Defendant for the following:

    a. Compensatory damages,

    b. Statutory damages, pursuant to 18 USC 2520

    c. Punitive damages

    d. Reasonable attorney fees

    e. Such other and further relief as the court may deem just and equitable.

## THIRD COUNT

### (Invasion of Privacy)

33. Plaintiff repeats and alleges all of the allegations in the Factual Allegations Applicable to All Counts and the First and Second Count as if the same were set forth at length herein.

34. Defendant's actions constituted an impermissible intrusion upon Plaintiff's seclusion or solitude, and or her private affairs. Defendant invaded upon something secret, secluded or private pertaining to Plaintiff.

35. Defendant published personnel information that was not a matter of public interest with the express purpose to embarrass and humiliate the Plaintiff.

36. Plaintiff was damaged by such tortious action.

37. Defendant tortuously invaded the privacy of the Plaintiff.

38. Wherefore, Plaintiff demands judgment against Defendant for the following:

    a. Compensatory damages,

    b. Statutory damages,

    c. Punitive damages

    d. Reasonable attorney fees

    e. Such other and further relief as the court may deem just and equitable.

## COUNT FOUR

### (Intentional Infliction of Emotional Distress)

39. Plaintiff repeats and alleges all of the allegations in the Factual Allegations Applicable to All Counts and the First, Second and Third Count as if the same were set forth at length herein.

40. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

41. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

42. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious,

and utterly intolerable in a civilized community.

43. Wherefore, Plaintiff demands judgment against Defendant for the following:

    a. Compensatory damages,

    b. Statutory damages,

    c. Punitive damages

    d. Reasonable attorney fees

    e. Such other and further relief as the court may deem just and equitable.

## COUNT FIVE

### (Defamation of Character and Reputation)

44. Plaintiff repeats and alleges all of the allegations in the Factual Allegations Applicable to All Counts and the First, Second, Third and Fourth Count as if the same were set forth at length herein.

45. Defendant made repeated statements in public meetings about Plaintiff being "under investigation" and made references to "criminal activity". Said statements and publications constitute false statements of defamatory fact.

46. Plaintiff's reputation, character and standing in the community have been damaged by Defendant's conduct.

47. Wherefore, Plaintiff demands judgment against Defendant for the following:

    a. Compensatory damages,

    b. Statutory damages,

    c. Punitive damages

    d. Reasonable attorney fees

    e. Such other and further relief as the court may deem just and equitable.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 10, 2017, 2017                    Respectfully submitted,

                                          By  /s/ Lark Fogel

Lark Fogel, Esq.
Bar Number: 030383
PO Box 2486
Elizabeth CO 80107
(303) 596-4838
larklaw@gmail.com
Attorney for Plaintiff

Plaintiff:
Kyle Fenner